# IN THE SUPERIOR COURT OF THE STATE OF DELAWARE

STATE OF DELAWARE ) 
 ) 
v. ) Cr. ID No. 1211023687 
 ) 
MARION HUNTER, ) 
 ) 
Defendant. ) 

## ORDER

Date Submitted: March 16, 2016
Date Decided: March 29, 2016

*Upon Defendant's Motion for Postconviction Relief*
**SUMMARILY DISMISSED**

*Upon Motion to Withdraw as Counsel for Marion Hunter*
**GRANTED**

Upon consideration of the Motion for Postconviction Relief filed by Marion Hunter ("Defendant"); Rule 61 of the Superior Court Rules of Criminal Procedure; the facts, arguments and legal authorities set forth in the PCR Motion; statutory and decisional law; and the entire record in this case, the Court finds as follows:

1. On November 28, 2012, Defendant Marion Hunter ("Defendant") was arrested and subsequently charged with Rape First Degree, Sexual Abuse of a Child by a Person in a Position of Trust First Degree, Strangulation, Assault Third Degree, and Terroristic Threatening. Raymond Armstrong, Esquire, from the Public Defender's Office was appointed to represent Defendant ("Trial Counsel").

2. On November 13, 2013—the day that Defendant's trial was scheduled to proceed—Defendant pled guilty to one count of Rape Second Degree. In exchange for Defendant's guilty plea, the State dismissed the remaining charges. Defendant was immediately sentenced to twenty (20) years at Level V, suspended after ten (10) years at Level V, for ten (10) years at Level IV at the Department of Corrections' ("DOC") discretion, suspended after two (2) years at Level IV at DOC discretion, for two (2) years at supervision Level III.

3. Defendant did not file a direct appeal with the Delaware Supreme Court. On November 25, 2013, Defendant filed his Motion for Postconviction Relief as a self-represented litigant, raising claims of ineffective assistance of counsel and alleging that Defendant was coerced into accepting his guilty plea. In subsequent filings with the Court, Defendant has raised other grounds for postconviction relief (all of Defendant's claims are collectively "PCR Motion").

4. Under the most recent version of Superior Court Criminal Rule 61, Defendant would not meet the requirements for appointment of counsel to represent him in his postconviction proceeding.[1] However, based on his date of

---

[1] *See* Super. Ct. Crim. R. 61(e)(2) (stating that the judge may only request appointment of counsel for a defendant seeking to set aside a judgment resulting from a guilty plea if the judge determines that "(i) the conviction has been affirmed by final order upon direct appellate review or direct appellate review is unavailable; (ii) the motion sets forth a substantial claim that the movant received ineffective assistance of counsel in relation to the plea of guilty or nolo contendre; (iii) granting the motion would result in vacatur of the judgment of conviction for which the movant is in custody; and (iv) specific exceptional circumstances warrant the appointment of counsel.").

filing, Defendant benefitted from an earlier version of Rule 61, which provided that "[t]he court will appoint counsel for an indigent movant's first postconviction proceeding."[2] As a result, Christopher Tease, Esquire, was appointed as counsel for Defendant's PCR Motion.

5. On October 10, 2014, Mr. Tease filed a motion to withdraw as counsel for Defendant, providing that there were no meritorious grounds for relief. On December 31, 2014, this Court denied Mr. Tease's motion to withdraw with instructions that Defendant's case be referred to the Office of Conflict Counsel for a new attorney to be assigned. Christopher S. Koyste, Esquire ("Rule 61 Counsel"), was subsequently appointed as counsel for Defendant's PCR Motion.

6. According to Rule 61(d)(4), "If it plainly appears from the motion for postconviction relief and the record of prior proceedings in the case that the movant is not entitled to relief, the judge may enter an order for its summary dismissal and cause the movant to be notified."[3] To avoid summary dismissal, Defendant must do more than make conclusory assertions of law or fact.[4] "Conclusory" has been defined as "[e]xpressing a factual inference without stating the underlying facts on which the inference is based."[5] Defendant must support *all*

---

[2] Super. Ct. Crim. R. 61(e)(2) (2013).
[3] Super. Ct. Crim. R. 61(d)(4) (2013).
[4] *State v. Watson*, 2008 WL 1952160, at *2 (Del. Super. Mar. 25, 2008).
[5] *Id.*

3

*asserted grounds for relief* with "concrete allegations of actual prejudice," including ineffective assistance of counsel claims.[6]

7.      In his PCR Motion, Defendant argues that Trial Counsel's performance was ineffective because Trial Counsel refused to file a motion to dismiss at Defendant's request, Trial Counsel misled Defendant into believing that Defendant's case was delayed on several occasions because Trial Counsel was developing strategy, but the case was delayed by the State, and Trial Counsel failed to produce an adequate defense on Defendant's behalf and could not "produce a timeline of events at trial and had to be help[ed] by the [State]".  Moreover, Defendant argues he was coerced into accepting his guilty plea and that Trial Counsel was ineffective with respect to the handling of the guilty plea.

8.      Defendant's claims are meritless and Defendant has failed to assert any ground for relief that reflects that Defendant was actually prejudiced. Specifically, although Defendant argues that Trial Counsel refused to file a motion to dismiss under Criminal Rule of Procedure 48, the record does not provide any basis for which Trial Counsel could have filed such a motion nor does Defendant allege any prejudice.  Although Defendant argues that Trial Counsel "misled" Defendant regarding the reasons for the delays in Defendant's trial, Defendant does not provide how Trial Counsel misled Defendant or how it resulted in

---

[6] *Id..*; *see also State v. Drake*, 2008 WL 5264880, at *2 (Del. Super. Dec. 15, 2008).

4

prejudice. Additionally, although Defendant argues that Trial Counsel did not provide an adequate defense for Defendant and could not produce a proper timeline of events at Defendant's trial, Defendant does not specify Trial Counsel's deficiencies and Defendant never had a trial. Instead, on the date that Defendant's trial was scheduled to proceed, Defendant accepted a plea.

9. Defendant alleges that he was coerced into accepting the guilty plea. Defendant has failed to allege any facts to support this assertion or that Trial Counsel was ineffective with respect to the handling of the guilty plea. The record evidence establishes that Defendant's acceptance of the plea on November 13, 2013 was knowing, intelligent, and voluntary. The Delaware Supreme Court has held that defendants are "bound by those statements" made during the plea colloquy and on guilty plea forms "in the absence of clear and convincing proof to the contrary."[7] Defendant has not provided any evidence sufficient to satisfy the "clear and convincing" standard required by Delaware law to make a showing that his plea was involuntary. Rather, pursuant to Superior Court Criminal Procedural Rule 11(c), the Court addressed Defendant personally in open court and determined that Defendant understood the nature of the charge to which the plea was offered and that by accepting the plea, Defendant received a substantial benefit because, if convicted on the charges, Defendant faced mandatory life

---

[7] *Krafchick v. State*, 100 A.3d 1021, *2 (Table) (Del. 2014); *Smith v. State*, 571 A.2d 788 (table) (Del. 1990).

5

imprisonment as an habitual offender.[8]  The Court explained to Defendant the trial rights Defendant waived by accepting the plea.[9]  Defendant acknowledged in open court that he understood the rights he was waiving.[10]  The Court gave Defendant additional time to consult with Trial Counsel,[11] and Defendant provided that he was satisfied with his opportunity to confer with Trial Counsel.[12]  Finally, Defendant completed and signed a guilty plea form, which acknowledged that Defendant was pleading guilty freely and voluntarily.

10.    After reviewing the record to determine if any other meritorious grounds for relief exist and concluding that there are no meritorious grounds for relief, Rule 61 Counsel filed a Motion to Withdraw pursuant to Superior Court Criminal Rule 61(e)(6) on October 12, 2015.

11.    Withdrawal may be appropriate when "counsel considers the movant's claim to be so lacking in merit that counsel cannot ethically advocate it, and counsel is not aware of any other substantial ground for relief available to the movant . . . ."[13]  The Court must conduct a review of the record to determine whether Defendant's motion contains any reasonable ground for relief.[14]

---

[8] Nov. 13, 2013, Plea Colloquy at 13:3-13:17; 22:9-23:3.
[9] *Id.* at 12:8-12:23; 25:7-28:3.
[10] *Id.* at 13:1-2; 25:14-28:6.
[11] *See id*. at 7:20-7:23.
[12] *Id.* at 14:7-14:14.
[13] Super. Ct. Crim. R. 61(e)(6).
[14] *State v. West*, 2013 WL 6606833, at *3 (Del. Super. Dec. 12, 2013).

12. Rule 61 Counsel asserts that he has conducted careful and conscientious analysis of Defendant's case materials to evaluate Defendant's claims. Following his analysis, Rule 61 Counsel has determined that Defendant's case presents no arguable issues to ethically advocate. The Court has reviewed Defendant's PCR Motion and determined that Defendant presents no meritorious grounds for relief. Accordingly, withdrawal as counsel is appropriate.

**NOW, THEREFORE, this 29th day of March, 2016, Defendant Marion Hunter's Motion for Postconviction Relief is hereby SUMMARILY DISMISSED and Rule 61 Counsel's Motion for Withdraw as counsel is hereby GRANTED.**

**IT IS SO ORDERED.**

*Andrea L. Rocanelli*

_____

**The Honorable Andrea L. Rocanelli**